### SINGER MFG. CO. et al. v. SHEPARD et al.

United States District Court
S. D. New York.
Dec. 3, 1952.

Burgess, Ryan & Hicks, New York City, for plaintiffs.

Demov, Callahan & Morris, New York City, for defendants.

BONDY, District Judge.

This is a motion by the defendants for leave to amend their original answer so as to include a denial of an allegation of paragraph 21 of the complaint, stated to have been omitted through defendants' inadvertence, and for leave to amend their answer so as to include two counterclaims not previously asserted.

510

The plaintiffs do not object to the defendants' motion to amend their answer to include the denial of the allegations in paragraph 21 of the complaint. They object however to defendants' motion to set up the two counterclaims in their answer.

The defendants have delayed two and one-half years since their answer was filed in asserting any counterclaims, and delayed almost three years since the complaint was filed. They assert, as an excuse, that they hoped and expected that pending negotiations would result in a settlement of the action, in view of the fact that plaintiff settled similar actions against the defendants in the past. Such hope and expectation do not justify the delay in the filing of the counterclaims, since, as admitted the defendants knew that such counterclaims existed and might have been pleaded. The defendants allege, as a further excuse for the delay, that many months were needed to ascertain the facts and law involved in the counterclaims. This investigation should have been begun when knowledge of the counterclaims first came to their attention and should not have been delayed as they were until after the negotiations were unsuccessfully terminated.

Fed.Rules Civ.Proc. rule 13(f), 28 U.S.C.A., provides that when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of the court set up the counterclaim by amendment.

The defendants' delay was not due to any oversight or inadvertence but to inexcusable neglect. However, justice requires that they be allowed to assert these counterclaims at this time provided the trial of the action is not thereby delayed.

Leave to amend the answer so as to include a denial of paragraph 21 of the complaint and to include the two counterclaims is granted on the condition that the existing date of issue April 27, 1950 shall remain unchanged.