722 A.2d 1196 (1999)
RETIREMENT BOARD OF the EMPLOYEES RETIREMENT SYSTEM OF the CITY OF PROVIDENCE et al.
v.
Vincent A. CIANCI, Jr., Individually and in His Capacity as Mayor of the City of providence et all.
No. 97-256-Appeal.
Supreme Court of Rhode Island.
January 22, 1999.
*1197 Patrick J. Quinlan, Richard A. Skolnik, Providence, for plaintiff.
Richard G. Riendeau, Providence, for defendant.
Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.
OPINION
WEISBERGER, Chief Justice.
This case comes before us on appeal by the plaintiffs, Retirement Board of the Employees Retirement System of the City of Providence (board) and by Pasquale Greco (a retired employee) and Luberta Scott (a current employee whose benefits have vested). The gravamen of the complaint filed on behalf of the board and the employees was the failure of the defendants (collectively the city of Providence) to pay into the retirement fund a sum initially recommended by the official actuary engaged by the city. It is undisputed that the city has made contributions to the retirement system based upon amended assumptions of the actuary (Buck Consultants). For the year 1995, the city paid $10,871,184. For the fiscal year 1995, the city paid $15,622,241. The plaintiffs claim that this amount results in a shortfall in respect to the initial actuarial recommendations of $17,709,920. The board and employees allege that this constitutes an impermissible unfunded liability. They sought relief in the Superior Court through a complaint for declaratory judgment and also sought a judgment for mandamus to order the city to make payments to the retirement fund in an amount sufficient to meet the actuarial recommendations.
The principal dispute between the board and the city arises out of a single core issue. This issue is whether the council may actually fund part of the pension system on an annual basis and fund another part that is, cost of living adjustment (COLA) provisions pursuant to a 1991 consent judgment on a pay-as-you-go basis.
In deciding this core issue the trial court reached two conclusions:
"[1] *** In the absence of some overriding statutory directive from the General Assembly, or a Collective Bargaining *1198 agreement or some other contractual requirement, the City is free to fund its pension system in any manner it may wish, provided each beneficiary is paid the agreed-upon benefits to which the beneficiary is entitled."
"[2] None of the plaintiffs here show that there is any immediate threat that the pension funds will become insolvent, sooner or later. There has been no showing that the deferment at interest of the shortfall alleged in the fiscal 1995 appropriations and contributions will jeopardize any person's particular pension benefits at any particular time."
For purposes of its judgment dismissing the complaint for declaratory judgment and the complaint for mandamus, the Superior Court justice assumed that the board and the employees had standing to bring suit. This determination was based on our opinion in Retirement Board of Employees' Retirement System of Providence v. City Council of Providence, 660 A.2d 721 (R.I.1995). In that case, we recognized that the board had been made a department of the city by virtue of the charter which modified its status from that of an independent corporation created by the Public Laws of 1923. Id at 727. We stated that:
"The retirement board's status as an independent corporate entity did not survive its incorporation into the charter. See charter § 1404. Rather, the retirement board became, like all city departments, boards, and commissions, subject to the legislative power of the city council delineated in charter § 401 because the retirement board's authority is now derived from the Home Rule Charter, not the retirement act." 660 A.2d at 728. See also Betz v. Paolino, 605 A.2d 837, 839 (R.I. 1992).
In that case, we decided to overlook the lack of standing based upon the substantial public interest in the question of the board's continued ability to invest the retirement funds. Providence Retirement Board, 660 A.2d at 726 (citing Burns v. Sundlun, 617 A.2d 114 (R.I.1992)). We conclude in this case that the time has come for us no longer to overlook the board's lack of standing. We are of the opinion that the board as a mere department of the city has no standing to bring suit against the city whose legislative power has created it. We perceive no such imperative public interest in the present question to overcome the board's lack of standing.
Similarly, we are of the opinion that the two employees have no standing to bring suit against the city unless they are able to show an injury in fact as required by Pontbriand v. Sundlun, 699 A.2d 856, 862 (R.I. 1997); Blackstone Valley Chamber of Commerce v. Public Utilities Commission, 452 A.2d 931, 933 (R.I.1982); Rhode Island Ophthalmological Society v. Cannon, 113 R.I. 16, 26, 317 A.2d 124, 129 (1974). In this case, the employees have not shown an injury in fact since neither has alleged nor can allege that he or she has not received any pension benefit to which he or she is entitled. The retired employee has received retirement benefits as they become due and the non-retired employee is not yet eligible to receive such benefits.
The Superior Court justice has clearly found as a fact that there is no immediate threat that the pension fund will become insolvent, and that there has been no showing that the deferment of the COLA shortfall will jeopardize any person's particular pension benefits at any particular time. The trial justice went on to hold as a matter of law that the manner of funding the city's future obligations to its pension fund is a political decision ultimately reposed in the legislative branch of the city government.
The trial justice noted that whether or not there is a shortfall in the annual appropriation depends upon whether cost of living increases to be paid to retired employees is based upon the 1991 consent judgment entered into between the city and the board, or whether it may be governed by a 1994 amendment to the city ordinances. The trial justice pointed out that in the case before him, no such determination could be made since other cases were pending before the Superior Court, and that this Court might answer the significant question concerning *1199 whether a 5 percent COLA or a 3 percent COLA would be applicable.
The trial justice went on to conclude that these questions relating to appropriations to fund the retirement program were not justiciable and were not within the parameters of judicial management. With this determination we agree. The Superior Court was also correct in deciding that a judgment for mandamus could not be entered against the city in respect to an appropriation to which legislative discretion was clearly applicable. See Wood v. Lussier, 416 A.2d 690, 693 (R.I.1980); McKinnon v. Housing Authority of Pawtucket, 114 R.I. 686, 688, 338 A.2d 517, 518 (1975). We comment on these portions of the trial justice's decision, even though we hold that neither the board nor the employees had standing to bring either the declaratory judgment or the mandamus action.
We conclude that there are no exceptional circumstances in respect to this litigation which would cause us to overlook the lack of standing either of the board or the employees. We admonish the board that it no longer has standing to bring actions against the city in respect to the management of the retirement fund or the annual appropriations to support it. We specifically hold that the board has no independent authority to retain counsel in order to litigate such issues with the city.
We recognize that in Retirement Board of Employees' Retirement System v. City of Providence, 666 A.2d 810, 813 (R.I.1995), we did allow the board to continue to be represented by counsel in six specific cases whose factual basis had arisen while the board's attorney was authorized to represent it. Our opinion in that case may not be regarded as an open authorization to the board to retain counsel every time it disagrees with the city government in respect to issues relating to the retirement fund.
Consequently, for lack of standing as well as for the lack of a justiciable, issue as found by the trial justice, the appeal of the board and the employees must be denied and dismissed. The judgment of the Superior Court is hereby affirmed although our rationale departs somewhat from that of the Superior Court. The papers in the case may be remanded to the Superior Court.