DECISION
Before this Court is the Motion to Clarify and/or Reconsider the Decision rendered by this Court on September 13, 2001. Plaintiff seeks clarification and/or reconsideration regarding fees for services rendered in three cases: Orabona v. Employees Retirement Board, C.A. No. 96-049P and Picard v. City of Providence, Civil No. 98-95M (D.R.I. Sept. 30, 1999), which was consolidated with Ahearn v. City of Providence, Civil No. 98-95M (D.R.I. Sept. 30, 1999). Defendant seeks clarification on its counterclaim for payments previously made to Plaintiff in cases wherein Plaintiff was ultimately denied attorney's fees. Jurisdiction is pursuant to G.L. 1956 § 8-12-3.
 Facts/Travel
In its September 13, 2001 decision, this Court required payment of attorney's fees and prejudgment interest in those cases wherein the Plaintiff's representation of the Retirement Board was "permissible within the narrow boundaries established by the [Rhode Island Supreme Court] in Retirement Board II." Skolnik v. Mansolillo, C.A. No. 98-0026, September 13, 2001, Gibney, J. at 6. In a judgment entered on October 4, 2001, the Court ordered payments in only the following cases:
 1. City of Providence v. Employees Retirement Board, C.A. 90-2119, November 27, 1996, Israel, J. (City of Providence I);
 2. Charles Mansolillo v. Employees Retirement Board, C.A. No. 93-5277, November 12, 1998, Silverstein, J. (Mansolillo I);
 3. City of Providence v. Employees Retirement Board, 749 A.2d 1088 (R.I. 2000) (City of Providence II);
 4. Retirement Board v. Vincent A. Cianci, Jr., C.A. No. 96-1179, April 23, 1997, Israel, J. (Retirement Board III);
 5. Retirement Board v. Vincent A. Cianci, Jr., 722 A.2d 1196 (R.I. 1999) (Retirement Board IV);
 6. Retirement Board v. Vincent A. Cianci, Jr., C.A. No. 96-6227, April 23, 1997, Israel, J. (Retirement Board V);
 7. Retirement Board v. Vincent A. Cianci, Jr., C.A. No. 97-2080 (Retirement Board VI);
 8. Theresa Almagno v. Municipal Employees Retirement System, C.A. 90-6851, February 6, 1998, Silverstein, J. (Almagno).
The Plaintiff now brings a motion for reconsideration and/or clarification as to whether he is also entitled to attorney's fees and prejudgment interest in three additional cases. The Plaintiff contends that his representation of the Retirement Board in Orabona v. Employees Retirement Board, C.A. No. 96-049P and Picard v. City of Providence, Civil No. 98-95M (D.R.I. Sept. 30, 1999), falls within the parameters set by the Rhode Island Supreme Court in Retirement Board II. In each of these cases, the Plaintiff asserts that the existence of a direct conflict between the Retirement Board and the City of Providence warranted his retention as counsel, and therefore, he is entitled to payment for services rendered in these matters.
 Motion for Reconsideration/Motion for Clarification
The Rhode Island Rules of Civil Procedure mirror the Federal Rules of Civil Procedure in that they do not technically recognize or provide for a Motion for Reconsideration. See generally, Hatfield v. Bd. Of Cty. Com'rs for Converse Cty., 52 F.3d 858 (10th Cir. 1995) (citations omitted). The Rhode Island Supreme Court has noted that it governs by the "liberal rules" of civil procedure and, in so doing, "look[s] to substance not labels." Sarni v. Melocarro, 113 R.I. 630, 634, 324 A.2d 648, 65-52 (R.I. 1974). As such, "[a] motion can be construed as made under Rule 60(b) even if it is styled `Motion to Reconsider.'" James Wm. Moore, et. al., Moore's Federal Practice 1997 Rules Pamphlet ¶ 60.2 [9] (1996). With respect to vacating final judgments, the mistakes encompassed by Super. R. Civ. 60(b)(1) do not include judicial errors of law. Jackson v. Medical Coaches, 734 A.2d 502, 507 (R.I. 1999). In addition, Super. R. Civ. 60(b)(1) is "not available to allow a party merely to reargue an issue previously addressed by the court." Casner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996). Thus, Super. R. Civ. 60(b) does not permit "`a motion merely for reconsideration of a legal issue . . . where the motion is nothing more than a request that the [trial] court change its mind." Jackson, 734 A.2d at 6508 n. 8 (citing United States v. Williams, 674 F.2d 310, 312-313 (4th Cir. 1982)). Furthermore, this Court finds that Plaintiff's motion for reconsideration is also prohibited by Super. R. Civ. 60(b)(6), which requires "extraordinary circumstances" for its invocation. 11 Wright 
Miller, Federal Practice and Procedure: Civil, § 2864 at 35 (1998); see also, Richardson v. Smith, 691 A.2d 543, 546 (R.I. 1997). Super. R. Civ. 60(b)(6) was not meant to serve as a "catchall" for any reason justifying vacation of a judgment. Id.
Accordingly, this Court will treat this motion as one for clarification on the issue of Defendant's counterclaim seeking reimbursement for fees that were previously paid to Plaintiff for representation in cases wherein the Court ultimately denied attorney's fees. Moreover, this Court will reconsider its decision in light of Plaintiff's request for attorney's fees and prejudgment interest in the three additional cases.
 Request for Attorney's Fees in Three Additional Cases
As previously stated, this Court granted attorney's fees and prejudgment interest in the eight specific cases listed in Skolnik v. Mansolillo, C.A. No. 98-0026, September 13, 2001, Gibney, J. The Plaintiff asserts that fees and interest should also be awarded in three additional cases where a conflict of interest existed between the City of Providence and the Retirement Board. In Orabona v. Employees Retirement Board, C.A. No. 96-049P, the Plaintiff asserts that "it would have been improper and unethical for the City Solicitor to represent both party defendants under these circumstances." (Pl.'s Motion to Clarify and/or Reconsider Decision at 2.) Also, in the consolidated case of Picard v. City of Providence, Civil No. 98-95M (D.R.I. Sept. 30, 1999), the Plaintiff argues that "the competing inconsistent results sought by said defendants" require that attorney's fees should be awarded in these matters. Id. at 3. In turn, the Defendant maintains that there was no conflict of interest between the City and the Retirement Board since the latter was "at best, a nominal defendant with no interest in the Collective Bargaining Agreement or in the litigation." (Def.'s Post-Trial Memo. at 18 and 21.)
The Rhode Island Supreme Court held "in those actions where the interests of the retirement board conflict with those of the city, Skolnik may continue to represent the Retirement Board. It must be noted, however, that the retirement board may hire outside counsel only in exceptional circumstances." Retirement Board vs. City of Providence,666 A.2d 810, 813 (R.I. 1995) (Retirement Board II). In Picard v. City of Providence, Civil No. 98-95M (D.R.I. Sept. 30, 1999), former members of the Providence Fire Department and Police Department, brought actions against the City of Providence and the Retirement Board "asserting that [the] defendants wrongfully deprived them of certain cost-of-living benefits to which they were entitled under the terms of a consent decree and collective bargaining agreements." As such, these two cases are similar to a majority of the eight cases wherein this court awarded the Plaintiff attorney's fees. Those cases also "concerned a consent decree that the City and the Retirement Board had negotiated in 1991 and which dealt with the minimum base salaries and cost of living adjustments (COLAs) paid to municipal public safety employees and/or their beneficiaries." Skolnik v. Mansolillo, C.A. Nos. 98-0026, 98-1718, 98-0519, September 13, 2001, Gibney, J. at 6. One of the eight cases was Mansolillo v. Retirement Board, C.A. No. 93-5277, November 12, 1998, Silverstein, J. (Mansolillo I). In Picard v. City of Providence, Civil No. 98-95M (D.R.I. Sept. 30, 1999), the U.S. District Court for the District of Rhode Island stated that the holding of Mansolillo I effectively resolved the key issue of applicability of the consent decree to the plaintiffs in the Picard and Ahearn cases. Thus the similarity of issues between these cases warrants Plaintiff's being awarded attorney's fees and interest in the Picard and Ahearn cases as well.
The Plaintiff also seeks reconsideration of the issue of attorney's fees in Orabona v. Employees Retirement Board, C.A. No. 96-049P (D.R.I. March 30, 1998). Plaintiff Orabona, an employee of the City of Providence, worked and contributed to the Retirement System for approximately seven years. Orabona v. Cianci, C.A. No. 98-1652, March 20, 2000, Silverstein, J. at 1. In order to qualify for a pension from the City, Orabona needed additional service credit, and he obtained these by making several purchases of service credit by application to the Retirement Board. Id. Subsequently, Orabona applied to the Retirement Board for his pension, "which without mention of any objection" was granted by the Board. Id. The City Solicitor advised the City Controller that the Retirement Board exceeded its authority in approving the application and also advised him to withhold payment of the pension. Id. In "render[ing] his opinion regarding the illegality of the Retirement Board's action," the City Solicitor was directly opposed to the Retirement Board. Id. at 4. The Rhode Island Supreme Court has noted that its decision allowing the Retirement Board to retain outside counsel where the interests of the Retirement Board and the Solicitor are in conflict is "not [to] be regarded as an open authorization to the board to retain counsel every time it disagrees with the city government in respect to issues relating to the retirement fund." Retirement Board v. Vincent A. Cianci, Jr., 722 A.2d 1196, 1199 (R.I. 1999) (Retirement Board IV). However, it appears that the Retirement Board permitted the illegal purchase of service credits on a number of occasions.[1] Thus the Retirement Board and City Solicitor had opposing interpretations of Ordinance 1986 chapters 86-19 and 86-38. Such a conflict supported Plaintiff's retention as outside counsel for which he is entitled to payment for services rendered.
 Defendant's Counterclaim
In the instant case, the Defendant sought leave in open court to amend a pleading, a permissible means by which to obtain leave to amend a pleading. See Wright and Miller, Federal Practice and Procedure, § 1485 at 603. "Courts have held that an oral request to amend a pleading that is made before the court in the presence of opposing party's counsel may be sufficient if the adverse party is put on notice of the nature and purpose of the request and is given the same opportunity to present objections to the proposed amendment as he would have if a formal motion had been made. But an oral motion to amend may not be allowed if it would place the opposing party in a disadvantageous position." Id.
It is undisputed that during trial Defendant requested and this Court, over Plaintiff's objection, granted leave to amend the Answer to include a counterclaim. See Pl.'s Post-Trial Mem. at 17; Def.'s Mem. in Support of Objection to Judgment and Mot. to Clarify Decision at 2. This Court, finding insufficient prejudice to the opposing party, granted Defendant's motion to amend. Leave is typically granted pursuant to Super. R. Civ. 13(f), which provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." It has even been held that justice requires amendment to include a compulsory counterclaim "even though the neglect involved was characterized as `inexcusable.'" Kent, Rhode Island Practice Rules of Civil Procedure with Commentaries, § 13.8 at 133 (quoting Singer Mfg. Co. v. Shepard, 13 F.R.D. 509 (D.Ohio 1953)). The Defendant asserts that it overpaid Plaintiff by "$11,379.50 by check dated June 25, 1996; $17,481.25 by check dated October 25, 1996; $18,042.74 by check dated November 27, 1996; $5,661.00 by check dated January 16, 1997; and $6,649.60 by check dated February 7, 1997" and thus "demands judgment on its counterclaim" in the amount of $59,214.09. See Def.'s Post-Trial Mem. at 27. In the instant case, however, Defendant's counterclaim seeking reimbursement for payments made in cases where Plaintiff was ultimately denied attorney's fees and interest was denied due to the paucity of the evidence before this Court.
 Conclusion
In the decision in the matter of Skolnik v. Mansolillo, C.A. No. 98-0026, September 13, 2001, Gibney, J., this Court clarifies its denial of Defendant's counterclaim for payments already made to Plaintiff for representation in cases wherein Plaintiff was ultimately denied fees. In addition, in reconsidering Plaintiff's request for attorney's fees and interest in the three subject additional cases, this Court awards Plaintiff these fees and interest.
Accordingly, this Court grants Plaintiff's request for attorney's fees and interest in Orabona v. Employees Retirement Board, C.A. No. 96-049P and Picard v. City of Providence, Civil No. 98-95M (D.R.I. Sept. 30, 1999), which was consolidated with Ahearn v. City of Providence, Civil No. 98-95M (D.R.I. Sept. 30, 1999).
Counsel shall submit the appropriate judgment for entry.
[1] Though the trial judge in Orabona v. Cianci, C.A. No. 98-1652, March 20, 2000, Silverstein, J. at 1, found no equal protection claim based on the evidence proffered, he noted that the city solicitor
 "raised the point with at least two others. There's a dearth of evidence in this case. What happened with the hundred or so other people who were in the same category we don't know. . . There's no evidence from which I can make a determination that anyone approaches him in the purchase of these kinds of credits. There's simply no equal protection claim here based on the evidence."