LONSDALE COMPANY *et al.* *vs.* CITY OF WOONSOCKET, *et al.*

PROVIDENCE—DECEMBER 22, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Equity Pleading and Practice.   Joinder of Parties.*

Persons may be properly joined as parties complainant in a bill, though

claiming under distinct titles and possessing independent interests, where they have a common interest in the relief sought by the bill.

(2)  *Equity Pleading and Practice.  Joinder of Parties.*

In a bill in equity brought against a municipal corporation and the municipal treasurer, the bill charging the diversion of the water of a natural water-course by the municipality :—

*Held*, that the municipal corporation was properly joined as a respondent, where an injunction was sought against it.

(3)  *Continuing Injury.  Adequate Remedy at Law.*

Where the injury complained of is a continuing injury, to redress which numerous suits would have to be brought from time to time, equity will grant relief by injunction to prevent multiplicity of suits.

(4)  *Relief in Equity.  Injunction.  Laches.*

Where a bill shows that the complainants have, since the commencement of the acts complained of, frequently protested to the respondents against their continuance and have urged the abatement of the same, and have requested the respondents to compensate them for injuries suffered from such continued acts, although sixteen years have elapsed since the commencement of the acts, the bill discloses no such acquiescence in such acts as to estop the complainants from obtaining relief, and laches will not be imputed to them.

BILL IN EQUITY by certain owners of water-privileges on the Blackstone and Pawtucket rivers, so-called, against the respondents, for diverting the waters of a natural water-course, formerly flowing into said rivers, by dams and pipes, and by using the water so diverted for a water supply for the respondent city.

The respondents demurred to the bill because, (1) the complainants were improperly joined ; (2) the complainants had an adequate remedy at law ; (3) the complainants were guilty of laches ; (4) the city of Woonsocket was improperly joined with the city treasurer of the city of Woonsocket as parties respondent.  Heard on demurrer to bill.  Demurrer overruled.

(1)  MATTESON, C. J.  We think the complainants, though claiming under distinct titles and possessing independent interests, have properly joined in the bill, because they have a common interest in the relief sought by the bill, to wit, the prevention of the diversion of the water of Crook Fall brook from their mill-privileges.  *Churchill* v. *Lauer*, 84 Cal. 233 ;

*Ballou* v. *Hopkinton*, 4 Gray, 324 ; *Proprietors of Mills* v. *Braintree*, 149 Mass. 478 ; *Sullivan* v. *Phillips*, 110 Ind. 320 ; Sto. Eq. Pl. § 285 ; 10 Ency. Pl. & Pr. 906.

(2)     The city of Woonsocket is properly joined as a respondent, since an injunction is sought against the city.

(3)     Inasmuch as the injury complained of is a continuing injury, to redress which numerous suits would have to be brought from time to time, we think the complainants are entitled to relief by injunction to prevent a multiplicity of suits.

(4)     We see no ground for the application of the doctrine of laches.   Although sixteen years have elapsed since the first diversion of the water, the bill alleges that the complainants have frequently protested to the defendants, their servants and agents, against the continued use of said dams and pipes, and have urged upon them to abate the same and the nuisance caused by their continued use, so as to prevent the complainants from being further injured thereby, and have requested the defendants to compensate them for injuries suffered by the continued use of said dams and pipes.    If this allegation be true, there has been no such acquiescence in the acts of the respondents as to estop the complainants from obtaining relief.

Demurrer overruled.

*James M. Ripley and Henry W. Hayes*, for complainants.

*Erwin J. France, City Solicitor of the City of Woonsocket*, for respondents.