Marcia REBACK et al.

v.

**RHODE ISLAND BOARD OF REGENTS FOR ELEMENTARY AND SECONDARY EDUCATION et al.**

No. 88–161–A.

Supreme Court of Rhode Island.

June 23, 1989.

Richard A. Skolnik, Lipsey & Skolnik, Providence, for plaintiff.

Forrest L. Avila, Rhode Island Dept. of Educ., Howard R. Haronian, Haronian, Paquin & Bramley, Inc., Warwick, for defendant.

OPINION

SHEA, Justice.

These matters are before the Supreme Court on appeal by the defendants, the Board of Regents for Elementary and Secondary Education, its chairman, Augustine Capatosto, and J. Troy Earhart, in his capacity as State Commissioner of Education. The defendants have appealed from a judgment in the Superior Court granting a preliminary and permanent injunction that enjoined the defendants from enforcing new-

teacher certification requirements. These new requirements, in effect, invalidated the plaintiffs' present certificates. We affirm.

The plaintiffs, Marcia Reback and Richard DiPardo, individually and in their capacities as presidents of the Providence Teachers Union and Woonsocket Teachers Guild, respectively, filed complaints against these defendants, seeking identical relief. Their cases were consolidated for hearing.

Prior to October 1, 1984, defendants had issued provisional teaching certificates to plaintiffs, valid for a five-year period and scheduled to expire in the fifth year from their date of issue. Subsequent to the issuance of these certificates, defendants amended the requirements for certain provisional certificates and issued new regulations. Thereafter, plaintiffs were notified that their five-year provisional certificates, granted in 1984 or prior thereto, could not be used after September 1, 1987, unless they complied with some new and additional educational requirements before that date. The teachers affected by these new requirements had met all the requirements for the five-year provisional certificates when those certificates were issued to them.

In the past, whenever the Board of Regents has amended certification requirements, the amendments have been applied prospectively rather than retrospectively as in this case.

■ The Board of Regents has been granted broad powers in the field of education, including the power to adopt standards and qualifications for the certification of teachers. The board is authorized to issue a certificate of qualification "which shall be valid throughout the state for the grade and the time specified therein," G.L. 1956 (1988 Reenactment) § 16–11–2. No one may teach in a public school or a school supported in part by public funds unless that teacher has a certificate of qualification. Section 16–11–1. The commissioner of education is authorized to promulgate rules and regulations regarding the annulment of those certificates, § 16–11–4. The language of the statute specifically limits the annulment of such a certificate to situations in which there is cause. The person whose certificate is annulled has the right of appeal to the Board of Regents.

The trial justice, in a written decision, ruled that plaintiffs were entitled to a permanent injunction and entered judgment accordingly. He held that plaintiffs had a legitimate expectation of employment for the five-year life of the certificate issued to them and that they held a vested interest in a specific teaching position during that time.

■ On appeal, defendants argue that a teaching certificate is not a contract. Consequently they are not constitutionally barred from applying new requirements to certificate holders. They also argue that no statute prevents them from changing requirements for certificate holders. Finally they assert that plaintiffs will not suffer a loss of employment but at the most might be transferred to a different position or lose the right to "bump" other teachers. It is plaintiffs' position that § 16–11–2 guarantees continued certification for the period set out in the certificate and that § 16–11–4 provides that a certificate may be annulled only for good cause after proper notice and a hearing. We agree.

■ Our reading of the applicable sections of the General Laws persuades us that the Legislature clearly intended and provided for the issuance of teaching certificates that would be valid for the time specified and revocable only for cause. Without question the new requirements for certification have the effect of revoking plaintiffs' teaching certificates before their expiration date. The trial justice correctly found that their cancellation would deprive plaintiffs of all public employment as teachers. The trial justice also was correct when he found that under the statute the board had no authority to annul its certificates prior to the expiration date except for cause, as provided in § 16–11–4.

■ It is a basic tenet of administrative law that the rule-making power of an administrative body may not abrogate state law dealing with the same subject. The board therefore exceeded its powers by

bringing about the cancellation of existing certificates.

■ In order to prove entitlement to a preliminary injunction, plaintiffs had the burden of proving that there was no adequate remedy at law and that they would be irreparably harmed if the injunction was not granted. In reviewing the issuance of a permanent injunction, this court "will overturn a trial justice's findings of fact only when such findings are clearly wrong or when the trial justice overlooked or misconceived material evidence." *Rhode Island Turnpike & Bridge Authority v. Cohen*, 433 A.2d 179, 183 (R.I.1981).

■ In this case the loss of certification would mean the loss of employment since an uncertified teacher could not teach in any school that receives full or partial state funding. Section 16–11–1. The injury resulting to plaintiffs would affect not only their immediate employment but also future placement and could reflect adversely on their reputation as teachers. "[C]ertification is, in effect, a 'Good Housekeeping Seal of Approval,' a signal to the institutional world that, in the collective opinion of the Board and the Commissioner, the holder is qualified to instruct in the specialty and at the level in question." *Audet v. Board of Regents for Elementary and Secondary Education*, 606 F.Supp. 423, 429 (D.R.I.1985). A legal remedy alone would be inadequate to compensate them for their loss of certification. Therefore, in our opinion their injury would be irreparable.

In his decision the trial justice made reference to the Supreme Court's holdings in *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972), and *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). In *Roth* the plaintiff was an untenured teacher whose contract was not renewed after the first year. He was found not to have a property interest in renewal that would entitle him to a due-process hearing before termination. In *Perry* the plaintiff was also an untenured teacher who had taught for ten years, the last four as a junior-college professor under a series of one-year contracts. The court held, in pertinent part, that since the college had a de facto tenure policy arising from officially promulgated rules and understandings, the teacher was entitled to an opportunity to prove the legitimacy of his claim of tenure. Such proof would entitle the teacher to a hearing.

Both *Roth* and *Perry* contain excellent discussions of the property rights and protected interests of public employees and would be valuable authority for these plaintiffs if they were in similar situations. However, these plaintiffs are in very different positions. The administrative rule changes that threaten to take away plaintiffs' teaching certificates are entirely distinguishable from the nonrenewal of teaching contracts addressed in *Roth* and *Perry*. The law very clearly sets forth their rights. In the absence of cause the board has no power to alter or reduce the provisions of their teaching certificates.

Finally the defendants bring to our attention a recent opinion of the Supreme Court of Connecticut, *Connecticut Education Association, Inc. v. Tirozzi*, 210 Conn. 286, 554 A.2d 1065 (1989), which arose out of a legislative change in the law that replaced the then-existing lifetime teaching certificate with a new five-year certificate, renewable on the basis of continuing professional education by the teachers. However, that case has no application to this appeal since we are not dealing with an act of the General Assembly but rather action by an administrative board.

For these reasons the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.