Kimberly DeFUSCO et al.

v.

TODESCA FORTE, INC., et al.

No. 95–329–Appeal.

Supreme Court of Rhode Island.

Oct. 21, 1996.

Paul S. Cantor, Providence, for Plaintiff.

Thomas A. Palombo, Asst. Attorney General, Mark P. Dolan, Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of this Court for oral argument on September 25, 1996, pursuant to an order directing the appellant-plaintiffs, Kimberly and John De-Fusco, to appear and show cause why the issues raised in their appeal from a Superior Court final entry of summary judgment in favor of the state should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

On February 25, 1989, Kimberly DeFusco, while allegedly driving at approximately twenty-five miles per hour, "went off the roadway at the end of the bend" of an exit ramp from Route 102 onto Route 4 in North Kingstown, Rhode Island, and allegedly sustained injuries as a result of that accident. The exit ramp was under construction at the time of the accident and was paved with only a "surface course" of asphalt and not the final "friction course." There was curbing on both sides of the ramp, but there were no painted lines, and the ramp lighting, which was installed, was not operational. The state made the decision to open the ramp, however, despite the absence of lighting and lines.

The plaintiffs filed a complaint in the Superior Court alleging that the state and the contractor, Todesca Forte, Inc. negligently failed to "properly maintain, supervise, inspect and otherwise perform their work upon the roadway in a safe and workmanlike manner." The plaintiffs sought recovery for

Kimberly DeFusco's alleged injuries and John DeFusco's alleged loss of consortium.

The state thereafter moved for summary judgment relying upon tort immunity stemming from the public duty doctrine. After hearing, a Superior Court justice granted summary judgment in favor of the state on April 28, 1995, based on the public duty doctrine.

We conclude, as did the hearing justice, that there were no facts before the hearing justice in this case that were sufficient to constitute an exception to the public duty doctrine. Accordingly, summary judgment was properly granted.

■ "The public duty doctrine shields the state and its political subdivisions from tort liability arising out of discretionary governmental actions that by their nature are not ordinarily performed by private persons." *Haley v. Town of Lincoln*, 611 A.2d 845, 849 (R.I.1992); *see also Boland v. Town of Tiverton*, 670 A.2d 1245 (R.I.1996). However, there are three exceptions to the state's general immunity from liability, none of which is triggered by the facts alleged by the plaintiffs. The first exception exists when the allegedly negligent activities are normally performed by private citizens. That exception is not relevant to this appeal since the construction and maintenance of public highways are typically not performed by private individuals. *Misurelli v. State, Department of Transportation*, 590 A.2d 877 (R.I.1991).

■ The second exception to the public duty doctrine exists when the state owes a special duty to an identifiable plaintiff. *Knudsen v. Hall*, 490 A.2d 976 (R.I.1985). That exception is also not relevant to this appeal since the plaintiffs are not alleging any breach of a duty owed to them in their individual capacities. *Ryan v. State, Department of Transportation*, 420 A.2d 841, 843 (R.I.1980). The breach of duty plaintiffs allege is an obligation owed only to the general highway-traveling public.

■ The third exception to the public duty doctrine exists when the state participates in "egregious conduct." "That exception provides that when 'the state has knowledge that it has created a circumstance that forces an individual into a position of peril and subsequently chooses not to remedy the situation,' the state can then be held liable for its negligence." *Boland*, 670 A.2d at 1248 (citing *Houle v. Galloway School Lines, Inc.*, 643 A.2d 822, 826 (R.I.1994)). It is the plaintiffs' position that the egregious conduct exception applies here. We disagree.

No evidence was presented to the hearing justice that could support the conclusion that the state had any constructive or actual knowledge of prior accidents on the ramp in question. Although the plaintiffs alleged that the investigating police officer told them of prior accidents, there were no police accident reports or other records substantiating whether such prior accidents had in fact occurred. Therefore, no competent basis existed on which to conclude that the state was aware of or should have been aware of any prior accidents on that ramp. In the absence of any evidence suggesting actual or constructive knowledge by the state, summary judgment was proper.

Additionally, there was no evidence that the state acted egregiously in opening the ramp before construction was complete and the ramp lights were functioning. The plaintiffs assert that the rule espoused in *Bierman v. Shookster*, 590 A.2d 402 (R.I.1991), is controlling in this appeal. *Bierman* involved the alleged negligent maintenance of, and failure to repair, an already installed and functioning traffic light. In that case, we concluded that a duty existed. However, the lights installed on the ramp where Kimberly DeFusco's accident occurred were never activated and functioning as the traffic lights had been in *Bierman*. Thus, contrary to the plaintiffs' assertions, the situation in this appeal is more closely analogous to that in *Catri v. Hopkins*, 609 A.2d 966 (R.I.1992), where the state's discretionary decision not to place a traffic control device at an intersection did not give rise to a duty.

Despite the installation of the lights on the ramp where Kimberly DeFusco's accident

occurred, the state had not yet made the discretionary decision whether to operate the lights, a decision that does not amount to egregious conduct pursuant to our conclusion in *Catri.*

For the foregoing reasons, the appeal is denied and dismissed. The summary judgment appealed from is affirmed, and the papers in the case may be remanded to the Superior Court.

WEISBERGER, C.J., and MURRAY, J., did not participate.