## Pat DANIELLE

v.

### Ernest P. RICCI, alias, d/b/a Remco Management Corp., and Abco Realty Co.

### No. 96–518–A.

Supreme Court of Rhode Island.

Dec. 15, 1997.

Paul M. Finstein.

Ernest P. Ricci.

## ORDER

The defendant, Ernest P. Ricci (Ricci), appeals pro se from the entry of a judgment in favor of the plaintiff, Pat Danielle, after a hearing justice refused to vacate a default order entered against Ricci. After ordering

Ricci to show cause why his appeal should not be decided summarily, we conclude that no cause has been shown and that the judgment below should be affirmed.

In May of 1989, the plaintiff rented an apartment at the Coventry Court Apartments in Coventry, Rhode Island. At that time, plaintiff gave a security deposit to Remco Management Corporation, the rental agent for the property. On May 30, 1990, the plaintiff terminated her tenancy. Thereafter, an employee of one of the defendants inspected the apartment. After finding the apartment in good condition, Ricci informed plaintiff that there would be no cost or charge against her security deposit. The plaintiff then provided Ricci with a forwarding address to which her security deposit could be returned.

After making several unsuccessful demands for the return of her deposit, plaintiff filed a District Court complaint on December 3, 1990 seeking return of the security deposit plus damages and attorneys fees pursuant to G.L. 1956 (1984 Reenactment) § 34–18–19(c). Plaintiff's complaint sought damages against Ernest P. Ricci, d/b/a Remco Realty Corporation, and Abco Realty Corporation.

After a trial, judgment entered for plaintiff in the amount of $1,650 plus costs and attorney's fees. Defendants filed an appeal to the Superior Court. There, defendants' counsel was permitted to withdraw and the parties agreed to submit the case to court-annexed arbitration. The arbitrator awarded plaintiff $4,787.50. On December 8, 1995, Ricci rejected the arbitration award. The court then scheduled the matter on the control calendar for January 26, 1996. However, after Ricci failed to appear on that date, he was defaulted. The court then scheduled plaintiff's motion for proof of claim and Ricci's motion to vacate the default for a hearing on March 22, 1996. On that date, the court conditionally granted Ricci's motion and the matter was reassigned to the control calendar where, on August 26, 1996, it was assigned for trial. Once again, however, Ricci failed to appear and the court defaulted him yet again. An order to that effect entered on August 28, 1996. On August 30, 1996, Ricci sent a motion to vacate the default to the court by facsimile. On September 20, 1996, the court heard both Ricci's motion to vacate and plaintiff's motion for proof of claim.

On that date Ricci concedes that he was not present at the call of the calendar and did not notify the court that he was present when the court reached this case for hearing. Following plaintiff's presentation of testimony on her oral proof of claim, Ricci finally presented himself to the hearing justice for the first time. According to plaintiff, the court then permitted Ricci to testify as to his reasons for failing to timely appear at this and other previous hearings. At the conclusion of the hearing, the trial justice denied Ricci's motion to vacate and entered judgment for plaintiff for $1,650 plus interest and attorney's fees in the amount of $4,875 plus costs.

On appeal, Ricci appears to suggest that the trial justice abused his discretion in denying his motion to vacate the default judgment. In his original prebriefing statement and supplemental legal memorandum, he argues that new evidence exists which would allow him to prevail in the instant matter. He further contends that he has been prevented from having his "day in court." However, he failed to order any transcript of the hearing and none has been provided to us in connection with this appeal.

A motion to set aside an entry of default is addressed to the discretion of the hearing justice. *Berberian v. Petit,* 118 R.I. 448, 452–453, 374 A.2d 791, 793 (1977). Although the movant need show only that the motion is supported by "good cause" rather than the "mistake, inadvertence, surprise, or excusable neglect" showing demanded under Super.R.Civ.P. 60(b), *id.* at 452, 374 A.2d at 793, such a showing will fall short if the movant is guilty of gross neglect or if the opposing party would suffer prejudice if the default were to be removed. *Security Pacific Credit (Hong Kong) Ltd. v. Lau King Jan,* 517 A.2d 1035, 1037 (R.I.1986).

We are of the opinion that Ricci has failed to demonstrate that his repeated absences from and late appearances at court hearings were not the result of gross neglect. In fact, he concedes that he was not always present

for court dates and that on occasion he was late for scheduled hearings. (Indeed, we would be remiss if we failed to note that Ricci also showed up late on the date he argued his appeal to this court). As noted previously, Ricci also failed to order a transcript of the hearing that led to the rulings which form the basis for his appeal. Without providing us with a sufficient record to review, it is impossible for us to ascertain whether the trial justice abused his discretion. As the appellant, Ricci had the burden of providing this court with the transcript to review the trial justice's discretionary decision. "Even if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *Faerber v. Cavanagh,* 568 A.2d 326, 330 (R.I.1990).

As the long and tortuous travel of this case illustrates, Ricci has had ample opportunity to present his defense over the past six years and we are of the opinion that he should not now be permitted to delay the dénouement of this case any longer. Without a transcript of the hearing at issue and without any other basis in the record to support his position, we have no choice but to hold that Ricci has failed to show that the trial justice abused his discretion.

Accordingly, Ricci's appeal is denied and dismissed.