DECISION
The matters currently before the court are defendant, Town of Jamestown's motion for summary judgment and motion to vacate default and defendant Jamestown Fire Department's motion to dismiss. Jurisdiction is pursuant to R.I. Super. R. Civ. Pro. 55 (c) and 56.
 Facts/Travel
This is a personal injury case filed against the Town of Jamestown and the Jamestown Volunteer Fire Department for injuries plaintiff sustained in 1987. On or about March 5. 1987, plaintiff climbed a pole, installed by the Jamestown Fire Department, in connection with his employment. The pole collapsed and plaintiff fell, thereby sustaining injury. There is no dispute that the pole was utilized by the defendant in connection with the town's emergency fire system.
The suit was originally commenced in 1990, against E. Theresa Littlefield, in her capacity as the Finance director or the Town of Jamestown. The Town was served with process on or about February 26, 1990.[1] No answer was filed and default was entered on or about April 16, 1992. At some point in 1997, defendant Jamestown Fire Department was added to this suit.
Defendant, Town of Jamestown, is now before this court requesting relief pursuant to R.I. Super. R. Civ. Pro. 55 (c) and Rule 56. Defendant argues that the motion to vacate should be granted for good cause shown. Defendant also argues that summary judgment is warranted pursuant to the public duty doctrine and the law with respect to trespass.
 I. Rule 55 (c)
Rule 55 (c) provides grounds for setting aside a default. The rule in pertinent part states: "For good cause shown the court may set aside an entry of default and, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (b)." The standard, which governs a Rule 55 (c) motion, is less rigid than that in Rule 60 (b). See SecurityPacific Credit (Hong Kong) Ltd. v. Lau King Jan, 517 A.2d 1035, 1036 (R.I. 1986). A "movant need show only that the motion is supported by `good cause' rather than the `mistake, inadvertence, surprise, or excusable neglect' showing demanded under Super. R. Civ. P. 60 (b) . . ." Danielle v. Ricci, 705 A.2d 994, 995 (R.I. 1997) (citation omitted) A Rule 55 (c) motion may be granted so long as the court finds that the movant is not guilty of gross neglect, that the opposing party will not suffer prejudice if the default were to be removed, and that the defaulting party has a meritorious defense. Security Pacific, 517 A.2d at 1036. See alsoDanielle, 705 A.2d at 995. In Security Pacific, the Rhode Island Supreme Court also noted the "body of opinion" that supports "resolving doubts in favor of removal of the entry of default, particularly in an action where large sums are involved in the suit. Id. at 1037.
 Good Cause Shown
Defendant first argues that there was not proper service of process in this action and as a result good cause has been shown. Specifically, defendant argues that, pursuant to R.I.G.L. §45-15-5, it was necessary to serve process on E. Theresa Littlefield, the former Jamestown Finance Director.
R.I. Super. R. Civ Pro. 4 (e)(5) provides the proper mode of service on a municipal corporation. Service is effectuated "upon a public corporation, body, or authority by delivering a copy of the summons and complaint to any officer, director, or manager thereof." Since it is evident that Robert Sutton, then Town Administrator, satisfies the category of a proper party upon whom service can be effectuated, defendant's argument is denied.
In concluding that service was proper, this Court next looks to determining whether good cause has been shown vacate the default. Upon a review of the law as stated above, this Court finds that good cause has been raised to vacate the default, in that the town council scheduled the matter for discussion on its agenda and, through the town solicitor, notified its insurer of the claim. There is no evidence that town representatives ignored the claim or allowed it to languish as plaintiff has for the past five years. Furthermore, no prejudice would inure to the plaintiff if the default was vacated. Indeed plaintiff himself waited two years to file for default and five years to request a proof of claim hearing, never having obtained a default judgment in the interim. Additionally, the various defenses outlined by the defendant in its brief clearly have merits and should be resolved by way of a trial. Therefore, the Court grants the defendant, Town of Jamestown' s motion to vacate default.
 Summary Judgment
Rhode Island Super. R. Civ. P. 56 governing summary judgment requires a trial justice to determine the necessity of trial by identifying a genuine issue of material fact in dispute. Rotelliv. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sister of Mercy of Providence. Inc.v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after reviewing the evidence in light most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ P. 56 (C); Harritos, et.al. v. Cambio,et. al., 683 A.2d 359 (R.I. 1996).
 Public Duty Doctrine
Defendant argues that the public duty doctrine warrants the entry of summary judgment in favor of the Town. The public duty doctrine shields state and municipal government entities from tort liability arising out of their discretionary governmental actions that are, by their nature, not normally performed by private individuals. Kashmanian v. Rongione, 712 A.2d 865, 867 (R.I. 1998); See also DeFusco v. Todesca Forte. Inc.,683 A.2d 363, 365 (R.I. 1996); Houle v. Galloway School Lines, Inc.,643 A.2d 822, 825 (R.I. 1994). This doctrine, however, is not without exception. In DeFusco, the Rhode Island Supreme Court reiterated those situations where this type of governmental immunity will not lie. When a state or municipality, engaging in activities "normally performed by private citizens," owes a duty to a specific "identifiable" plaintiff, or participates in conduct which is egregious, the public duty doctrine is inapplicable. Id.
at 365.
No exception to the public duty doctrine applies to the case currently before this court. Fire protection is not a normal activity performed by private citizens. See Karczmarczyk v.Quinn, 98 R.I. 174, 178, 200 A.2d 461, 463 (R.I. 1964) ("The operation of a fire department is a governmental function, and a municipality is immune from liability for the negligent performance thereof.") There is no indication that plaintiff was specifically identifiable or that defendant had engaged in "egregious conduct." See DeFusco, 683 A.2d at 365 (quoting Bolandv. Town of Tiverton, 670 A.2d 1245, 1248 (R.I. 1996)) (citation omitted) ("`That exception [egregious conduct] provides that when the `state has knowledge that it has created a circumstance that forces an individual into a position of peril and subsequently chooses not to remedy the situation,' the state can be held liable for its negligence.") Because this Court finds that the public duty doctrine is applicable to the case at bar, it is unnecessary to address the law of trespass. Summary judgment is granted.
 Motion to Dismiss
Finally, the Court will address the Fire Department's motion to dismiss. The Fire Department argues that this action, governed by G.L. § 9-1-14, is barred by the statute of limitations.
General Law § 9-1-14 (b) provides in pertinent part that "actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after." The action against the Jamestown Fire Department was commenced approximately 10 years after plaintiff was injured. The plaintiff argues that since service was made upon the Town, the Fire Department had adequate notice that this action had been commenced. However, notice to the Town cannot be imputed to the Fire Department. The Fire Department was created and has maintained itself as a separate entity pursuant to an 1897 special act by the General Assembly. See Defendant Town'sExhibit A Included with Memorandum of Law in Support ofDefendant's Motion for Summary Judgment.
The motion to dismiss is granted. Counsel shall submit the appropriate judgment for entry.
[1] Process was served upon one Robert Sutton, the former Town Administrator. See Aff. of Robert Sutton at 1.