**CITY OF PROVIDENCE**

v.

**John DOE et al.**

**No. 2010–94–Appeal.**

Supreme Court of Rhode Island.

June 17, 2011.

Kevin F. McHugh, Esq., Providence, for Plaintiff.

Peter G. DeSimone, Esq., Neville J. Bedford, Esq., Providence, for Defendants.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice FLAHERTY, for the Court.

On May 10, 2011, this case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. For the reasons set forth in this opinion we affirm the order of the Superior Court granting the plaintiff's motion for a preliminary injunction.

### Facts and Travel

On September 9, 2009, plaintiff, City of Providence, filed a verified complaint with the Superior Court in Providence County against John Doe et al. and Jane Doe et al., unknown defendants, alleging "trespassing on certain City owned land" in the form of an encampment and seeking "temporary, preliminary and permanent injunctive relief * * *." According to the verified complaint, the encampment consisted of "various tents, shelters and other structures" set up without securing permission from the City of Providence and in violation of municipal ordinances "in the public

park of Pleasant Valley Parkway."[1] The complaint specifically alleged that "[t]he Encampment is not suitable for human habitation in that it violates a City Ordinance against camping in public parks, has no clean water, no garbage facilities, no electricity, no sanitation or bathroom facilities." The complaint sought injunctive relief enjoining defendants "or any persons associated therewith, from camping, living, occupying, using or otherwise trespassing upon City owned property, and specifically, the Property of Pleasant Valley Parkway."

Seeking to protect their anonymity, defendants, through their *pro bono* attorneys, waived formal service of process requirements pursuant to Rule 4 of the Superior Court Rules of Civil Procedure.[2]

On September 14th, 15th, 16th, and 21st, 2009, a justice of the Superior Court entertained the city's request for injunctive relief. The court also heard a motion to dismiss filed by defendants.[3] In support of that motion, defendants argued that the Superior Court lacked either subject-matter or personal jurisdiction over the case in light of G.L.1956 § 8–8–3(a)(2), which, in relevant part, grants the District Court exclusive original jurisdiction of "[a]ll actions between landlords and tenants * * *." The trial justice denied the mo-

tion, holding that the action sounded in nuisance and trespass and was not an action predicated on rights arising from a consent-based landlord-tenant relationship.

After hearing testimony from employees of the City of Providence as well as members of the encampment, the trial justice, in a written order, granted plaintiff's motion for a preliminary injunction. That order enjoined defendants "from camping, living, occupying, using or otherwise trespassing upon city property and more specifically, the property commonly referred to as Pleasant Valley Parkway." The order included a five-day stay of enforcement and execution to all defendants, seemingly to allow defendants a reasonable time to dismantle the encampment and voluntarily discontinue the trespass.

After the order was entered, counsel for the defendants moved to amend the complaint to add Barbara Kalil as a party-defendant. That motion, which was supported by the affidavit of Barbara Kalil that identified her as one of the Jane Does who would be harmed by enforcement of the preliminary injunction, was granted.[4]

### Standard of Review

Under G.L.1956 § 9–24–7, an order granting a preliminary injunction may be appealed directly to this Court.[5] "[B]e-

---

1. The record indicates that members of this encampment considered themselves part of a community of likewise homeless individuals providing common support and security. Members of said community named the encampment "Camp Runamuck" We restrict ourselves to the term "encampment" as that term was used in plaintiff's verified complaint.

2. We take this occasion to commend defendants' counsel for their selfless and competent *pro bono* work in assisting individuals confounded by homelessness.

3. That motion was not accompanied by a memorandum.

4. The trial justice denied a motion to stay enforcement of the preliminary injunction pending appeal to this Court.

5. General Laws 1956 § 9–24–7 says:

"Whenever, upon a hearing in the [S]uperior [C]ourt, an injunction shall be granted or continued, or a receiver appointed, or a sale of real or personal property ordered, by an interlocutory order or judgment, or a new trial is ordered or denied after a trial by jury, an appeal may be taken from such order or judgment to the [S]upreme [C]ourt in like manner as from a final judgment, and the appeal shall take precedence in the [S]upreme [C]ourt."

cause the decision to grant \* \* \* a preliminary injunction 'rests within the sound discretion of the hearing justice,' we review that decision under an abuse-of-discretion standard of review." *Town of Coventry v. Baird Properties, LLC,* 13 A.3d 614, 620 (R.I.2011) (quoting *Iggy's Doughboys, Inc. v. Giroux,* 729 A.2d 701, 705 (R.I.1999)).[6]

### Analysis

The defendants appeal the grant of plaintiff's motion for a preliminary injunction on three distinct grounds.[7] First, defendants contend that the Superior Court improperly denied their motion to dismiss for lack of subject-matter jurisdiction. Second, defendants argue that because other remedies at law may exist, the grant of the extraordinary remedy of equitable relief was inappropriate. And third, defendants contend that the preliminary injunction fails for indefiniteness because it applies only to unknown persons and therefore is unenforceable at a contempt proceeding.[8]

### A

### Subject–Matter Jurisdiction

▪ The defendants argue that the Superior Court lacked subject-matter jurisdiction over the action because § 8–8–3(a)(2) vests the District Court with exclusive original jurisdiction over "[a]ll actions between landlords and tenants pursuant to [G.L.1956] chapter 18 of title 34 and all other actions for possession of premises and estates \* \* \*" and § 8–8–3(a)(5) vests the District Court with exclusive original jurisdiction over "[a]ll suits and complaints for offenses against the bylaws, ordinances, and regulations of cities and towns \* \* \*."

▪ Because "[s]ubject matter jurisdiction is an indispensable requisite in any judicial proceeding \* \* \* [w]e review an attack on subject matter jurisdiction *de novo.*" *Zarrella v. Minnesota Mutual Life Insurance Co.,* 824 A.2d 1249, 1256 (R.I.2003) (citing *Castellucci v. Castellucci,* 116 R.I. 101, 103, 352 A.2d 640, 642 (1976)).

The defendants contend that the trial justice erred when he ruled that § 8–8–3(a)(2) applied only in the landlord-tenant context. They argue that the term "other" as used in subsection (a)(2) "plainly references any and all other actions for possession of premises *not* involving a landlord/tenant relationship between the parties \* \* \*." Moreover, defendants argue that even if this Court were to determine that the term "other" as used within the statute is restricted to the landlord-tenant context as the trial justice reasoned, then, in that case, subsection (a)(5) of § 8–8–3, which vests the District Court with exclusive original jurisdiction over

---

**6.** It is significant that defendants have not challenged the preliminary injunction on the grounds that the hearing justice abused his discretion when he weighed the factors to be considered before issuing a preliminary injunction under this Court's holding in *Iggy's Doughboys, Inc. v. Giroux,* 729 A.2d 701, 705 (R.I.1999); *see also Foster Glocester Regional School Building Committee v. Sette,* 996 A.2d 1120, 1124 (R.I.2010).

**7.** In its supplemental memorandum to this Court, the City of Providence seems to argue that because defendants complied with the order of the trial court by vacating the park and because they will have another opportunity to make their arguments if and when there is a hearing on a permanent injunction, the issues here are moot. We do not agree.

**8.** The defendants' supplemental memorandum includes a brief section suggesting that "[t]his case possibly raises novel separation of power issues under the RI Constitution." This argument was not raised before the trial court and was not developed fully to this Court; we therefore decline to consider it.

suits and complaints for offenses against the ordinances of cities and towns, would be dispositive because the city alleges various violations of city ordinances in its complaint.

We do not agree. As articulated by the hearing justice, "[t]his is a case which sounds both in * * * nuisance and trespass." Section 8–8–3(a)(2) clearly provides that the jurisdictional grant is predicated on G.L.1956 chapter 18 of title 34, which is titled at § 34–18–1 as the "Residential Landlord and Tenant Act." The defendants' reliance on a broad reading of the phrase "other * * * premises and estates" in § 8–8–3(a)(2) is belied by a plain reading of § 34–18–11(12), which sets forth that "'[p]remises' means a dwelling unit and the structure of which it is a part and facilities and appurtenances therein and grounds, areas, and facilities held out for the use of tenants generally, or the use of which is promised to the tenant[.]" As correctly observed by the hearing justice, it has not been argued by any of the parties that the encampment existed as the result of any consensual relationship between the city and the alleged trespassers. Further, the definition of premises directs that "other" as used in § 8–8–3(a)(2) correlates to "dwelling unit[s] * * * held out for the use of tenants generally * * *." Thus, we can discern no merit to the position that § 8–8–3(a)(2) operates to divest the Superior Court of an action brought in equity for a continuing trespass.

We are of the opinion that defendants' reliance on § 8–8–3(a)(5) also is misplaced because plaintiff has brought the action for relief in equity and has not sought enforcement of specific ordinances allegedly violated by inhabitants of the makeshift encampment. This reasoning is reinforced by G.L.1956 § 8–2–13, which provides: "The [S]uperior [C]ourt shall, except as otherwise provided by law, have exclusive original jurisdiction of suits and proceedings of an equitable character and of statutory proceedings following the course of equity * * *."

We have no pause in holding that the Superior Court had subject-matter jurisdiction over the merits of plaintiff's request for injunctive relief.

**B**

### Equitable Relief Appropriate

■ As a second basis for appealing the hearing justice's grant of plaintiff's motion for a preliminary injunction, defendants urge that the city was not entitled to injunctive relief because it had an adequate remedy at law. To support its position, defendants cite to *Reback v. Rhode Island Board of Regents for Elementary and Secondary Education*, 560 A.2d 357, 359 (R.I. 1989), where we said, "[i]n order to prove entitlement to a preliminary injunction, plaintiffs had the burden of proving that there was no adequate remedy at law and that they would be irreparably harmed if the injunction was not granted." In *Reback*, we held that loss of teacher certification could reflect adversely on professional reputations in such a way that there was no adequate remedy at law. *Id.*

■ The standard for preliminary injunctive relief when the underlying harm derives from an incident of continuing trespass is well established and provides that "[a] continuing trespass wrongfully interferes with the legal rights of the owner, and in the usual case those rights cannot be adequately protected except by an injunction which will eliminate the trespass." *Santilli v. Morelli*, 102 R.I. 333, 338, 230 A.2d 860, 863 (1967) (quoting *Ferrone v. Rossi*, 311 Mass. 591, 42 N.E.2d 564, 566 (1942)); *see also Renaissance Development Corp. v. Universal Properties Group, Inc.*, 821 A.2d 233, 238 (R.I.2003) (noting "the general rule that when there is a continuing trespass on an owner's land, he or she is entitled to a mandatory

injunction"); *Wolfe v. City of Providence,* 77 R.I. 192, 201, 74 A.2d 843, 848 (1950) (holding "[i]njunctive relief is especially applicable where the injury is continuous or is being constantly repeated, and the legal remedy would necessarily involve the bringing of successive actions") (citing *Lonsdale Co. v. City of Woonsocket,* 21 R.I. 498, 500, 44 A. 929, 930 (1899)).

In the matter under review, defendants were living at the public park and treating the encampment as a personal residence.[9] In *Brindamour v. City of Warwick,* 697 A.2d 1075, 1077 (R.I.1997), we held that a person or people in a city park after hours are trespassers. Furthermore, in *Mesolella v. City of Providence,* 508 A.2d 661, 668 n. 8 (R.I.1986), we relied on the definition of "continuing trespass" advanced by the Restatement (Second) *Torts,* § 158, *cmt. m.* at 280 (1965) as "[a]n unprivileged remaining on land in another's possession * * *." Therefore, it is clear from the record that the encampment, established without a grant of authorization or permission from the City of Providence, was nothing more than a continuing trespass. Thus, we hold that the trial justice did not abuse his discretion when he determined that injunctive relief was appropriate.

## C

### Specificity of the Preliminary Injunction

▪ Finally, defendants contend "that the preliminary injunction appealed from is unenforceable and should be quashed on the grounds that it is directed against unknown and undescribed John Does and Jane Does * * *." The plaintiff counters that defendants waived any objections to defects in service and sufficiency of process in the proceedings below and that their argument before this Court is nothing but an effort to circumvent those waivers.[10]

Rule 65(d) of the Superior Court Rules of Civil Procedure says:

"Every order granting an injunction and every restraining order shall be specific in terms; shall describe in reasonable detail the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

The defendants cite no case law as foundation for their core proposition that the "specific in terms" requirement of Rule 65(d) means that the exact names of individuals must be identified by the injunction in order to be enforceable. The defendants do, however, cite us to *State v. Eckert,* 120 R.I. 560, 389 A.2d 1234 (1978) (affirming an order denying the plaintiff's motion to adjudge the defendant in contempt for allegedly violating the terms of a

---

9. At the hearing, Barbara Kalil testified, "I reside at Camp Runamuck * * * in the woods."

10. We note that, based on the record, it is apparent that the waivers were accepted by the court in an effort to protect the anonymity and dignity of the homeless individuals who were the subject of the complaint. Recognizing the tension honoring that request created for plaintiff and the court, the trial justice said:

"[T]he defendants' attorney expressed reservations about naming these individuals in the public forum because these individuals want to remain anonymous and they had confidentiality issues. So I don't think on the one hand they can say we don't want you to know who we are because of confidentiality but on the other hand say the complaint is no good because you didn't put our name in the complaint."

preliminary injunction), which states the general rule "that to be enforceable by a contempt proceeding, an injunction must be clear and certain, and its terms must be sufficiently detailed to enable one reading the injunctive order to understand therefrom what he may not do thereunder." *Id.* at 567, 389 A.2d at 1238 (citing *School Committee v. Pawtucket Teachers' Alliance, Local No. 930,* 117 R.I. 203, 365 A.2d 499 (1976); *Sunbeam Corp. v. Ross–Simons, Inc.,* 86 R.I. 189, 134 A.2d 160 (1957)).[11]

The injunction appealed from here says, "[the] [d]efendants are enjoined from camping, living, occupying, using or otherwise trespassing upon city property and more specifically, the property commonly referred to as Pleasant Valley Parkway." We have no hesitation in concluding that the terms of the order issued by the hearing justice speak for themselves and are quite specific so as "to enable one reading the injunctive order to understand therefrom what he [or she] may not do thereunder." *See Eckert,* 120 R.I. at 567, 389 A.2d at 1238.

### Conclusion

For the reasons set forth in this opinion we affirm the order of the Superior Court granting the plaintiff's motion for a preliminary injunction. We remand the papers in this case to that tribunal.

---

**11.** We note that no contempt-proceeding issue is before us, and the cases cited to us are therefore inapposite.