May 11, 2021

Yvon Georges                    :

v.                    :

State of Rhode Island et al.            :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:    opinionanalyst@courts.ri.gov,    of    any typographical   or   other   formal   errors   in   order   that corrections may be made before the opinion is published.

| | |
|---|---|
| Yvon Georges | : |
| v. | : |
| State of Rhode Island et al. | : |

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  In this negligence action for personal injuries sustained when his vehicle struck a pothole, the plaintiff, Yvon Georges, appeals from the grant of summary judgment in favor of the defendants, the City of Warwick (the city)[1] and the State of Rhode Island (the state).  The plaintiff challenges only the judgment in favor of the state.[2]  On appeal, we consider whether the plaintiff's claim against the state is barred by the public duty doctrine.

---

[1] The amended complaint names Ernest Zmyslinski, in his capacity as Director of Finance for the City of Warwick.

[2] The city's motion for summary judgment was granted in 2014, on the basis that the city did not own the road on which the pothole was located.  The plaintiff did not file a notice of appeal and does not argue against judgment in favor of the city before this Court.

This appeal came before the Supreme Court on March 9, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and having reviewed the memoranda filed by the parties, we are satisfied that cause has not been shown, and we proceed to decide this appeal. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

On or about May 13, 2011, plaintiff was operating his motor vehicle in the area of 2046 West Shore Road and Judith Avenue in Warwick, Rhode Island, when he struck a pothole in the roadway with the front end of his vehicle, causing one of the wheels to dislodge. The pothole was approximately eighteen inches in width. At the time of the incident, the weather was sunny, with no precipitation. As a result of the incident, plaintiff suffered injuries and was unable to work from May 13, 2011, through approximately June 30, 2011.

In May 2014, plaintiff filed an amended complaint against defendants, alleging that the state was liable for maintaining West Shore Road in "such a

negligent and careless manner, so as to allow a pothole to exist in said roadway[,]" and that plaintiff suffered personal injuries as a result of this alleged negligence.[3]

On November 20, 2018, the state filed a motion for summary judgment under Rule 56(b) of the Superior Court Rules of Civil Procedure,[4] arguing that plaintiff's claims were barred by the public duty doctrine, which shields the state from tort liability for the performance of discretionary governmental functions. The state relied on cases in which the public duty doctrine was applied to governmental decisions regarding road design, road maintenance, placement of traffic controls, the decision to open an exit ramp, and intersection design.

---

[3] The amended complaint also alleged that plaintiff sustained property damages to his motor vehicle as a result of the accident. The state then moved to dismiss plaintiff's action. Before the state's motion was heard, plaintiff, by stipulation, voluntarily dismissed his property damage claim with prejudice, and the state withdrew its motion to dismiss.

[4] Rule 56(b) of the Superior Court Rules of Civil Procedure provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the party's favor as to all or any part thereof."

The plaintiff objected, noting that government liability for failure to repair potholes had not been addressed by this Court. The plaintiff argued that G.L. 1956 § 24-8-35 created a limited exception to the public duty doctrine for property damage caused by the state's failure to repair potholes.[5] The plaintiff contended that extending § 24-8-35 to a claim for personal injuries placed his claim outside of the protection of the public duty doctrine. Alternatively, plaintiff argued that, if the state's failure to repair the pothole fell within the protections of the public duty doctrine, then one of this Court's recognized exceptions to the doctrine applied, because road maintenance is an activity capable of being performed by private citizens in situations where the road is privately owned.

After a hearing, the trial justice issued a bench decision granting summary judgment in favor of the state based on the public duty doctrine and his conclusion that none of the exceptions applied. The trial justice also held that § 24-8-35 did not apply because plaintiff was seeking damages for personal injuries, and the statute was limited to damages to motor vehicles, up to a maximum of $300 in reimbursement. On March 5, 2019, the trial justice entered an order granting the

---

[5] General Laws 1956 § 24-8-35 provides, in pertinent part,

> "If any person shall incur damage to his or her motor vehicle by reason of a pothole on any state highway * * * which damage would not have occurred without the existence of the pothole, he or she may recover from the state the amount of damages sustained up to and not more than the sum of three hundred dollars ($300)."

state's motion for summary judgment, as well as a final judgment in favor of defendants. The plaintiff filed a timely notice of appeal on March 8, 2019.

**Standard of Review**

"This Court reviews a grant of summary judgment *de novo*." *Yanku v. Walgreen Co.*, 224 A.3d 1130, 1132 (R.I. 2020) (brackets omitted) (quoting *Ballard v. SVF Foundation*, 181 A.3d 27, 34 (R.I. 2018)). Examining the case as the trial justice would, "we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* at 1132-33 (quoting *Ballard*, 181 A.3d at 34). "Although summary judgment is recognized as an extreme remedy, to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (quoting *Ballard*, 181 A.3d at 34). "In the absence of a credible showing of the existence of material facts, summary judgment is warranted." *Id.* (quoting *Ballard*, 181 A.3d at 34).

**Analysis**

The issue presented in this case is narrow: whether plaintiff's negligence action against the state for personal injuries sustained when his vehicle struck a pothole on a state road is barred by the public duty doctrine.

**G.L. 1956 § 24-8-35**

We begin by addressing plaintiff's contention that, because there is no caselaw applying the public duty doctrine to the state's failure to repair potholes, the authority to determine the state's liability for potholes is limited to § 24-8-35. The plaintiff maintains that § 24-8-35 creates a limited exception to the public duty doctrine that should be applied here. We disagree.

This Court reviews questions of statutory interpretation on a *de novo* basis. *Iselin v. Retirement Board of Employees' Retirement System of Rhode Island*, 943 A.2d 1045, 1049 (R.I. 2008). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id.* (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996)).

As noted *supra*, § 24-8-35, entitled "Damage caused by potholes—Claims against the state[,]" provides, in pertinent part:

> "If any person shall incur damage to his or her motor vehicle by reason of a pothole on any state highway, causeway, or bridge which damage would not have occurred without the existence of the pothole, he or she may recover from the state the amount of damages sustained up to and not more than the sum of three hundred dollars ($300)."

This enactment constitutes a limited waiver of sovereign immunity and a limited abrogation of the protections of the common law public duty doctrine. The state's liability pursuant to the statute is restricted to "damage to * * * [a] motor vehicle[.]" Section 24-8-35. Surely, if the General Assembly intended for this provision to include liability for personal injuries, it would have included that language in the enactment. Because we conclude that this provision is clear and unambiguous, as the trial justice properly found, plaintiff's reliance on § 24-8-35 to establish liability is without merit.

**The Public Duty Doctrine**

The plaintiff next argues that, when maintaining a roadway, the state performs an identical function that a private individual might perform for condominiums, shopping plazas, and the like, such that the public duty doctrine should not bar his claims. We reject this contention.

The judicially created public duty doctrine "shields the state and its political subdivisions from tort liability arising out of discretionary governmental actions that by their nature are not ordinarily performed by private persons." *Morales v. Town of Johnston*, 895 A.2d 721, 730 (R.I. 2006) (quoting *Schultz v. Foster-Glocester Regional School District*, 755 A.2d 153, 155 (R.I. 2000)). "The primary purpose of the public duty doctrine is to encourage the effective

administration of governmental operations by removing the threat of potential litigation." *Catone v. Medberry*, 555 A.2d 328, 333 (R.I. 1989).

This Court has carved out three exceptions to the public duty doctrine which, if present, may lead to state liability. Two of these exceptions are situations in which (1) the state owes a special duty to the plaintiff and (2) the state participates in what can be categorized as "egregious conduct." *DeFusco v. Todesca Forte, Inc.*, 683 A.2d 363, 365 (R.I. 1996). The plaintiff concedes that the "special duty" exception and "egregious conduct" exception do not apply to plaintiff's claims. Thus, the only issue before this Court is whether the third exception to the public duty doctrine applies; that is, whether "the allegedly negligent activit[y] [is] normally performed by private citizens." *Id.* If the conduct in question constitutes a discretionary governmental function and is not normally performed by private citizens, the public duty doctrine bars state liability.

We first consider whether the specific activity that resulted in plaintiff's injuries—*i.e.*, the state's failure to repair a pothole on a public roadway—constitutes a discretionary governmental action. This Court previously has held that government decisions about roadway design, construction, and maintenance constitute discretionary governmental action and therefore fall within the domain of the public duty doctrine. *See, e.g.*, *Toegemann v. City of Providence*, 21 A.3d 384, 388 (R.I. 2011) (holding that placement and maintenance of traffic control

devices fall within the public duty doctrine and "are purely governmental functions"); *DeFusco*, 683 A.2d at 364, 365 (holding that opening of an exit ramp that was still under construction was a discretionary government function); *Catri v. Hopkins*, 609 A.2d 966, 968 (R.I. 1992) (holding that "decision making involved in the maintenance of an intersection, and in particular the placement of a traffic-control mechanism, is a discretionary activity").

We pause to note that, at the summary-judgment hearing, plaintiff seemingly conceded that repairing potholes falls into the category of road maintenance. When the trial justice asked plaintiff to address *Martinelli v. Hopkins*, 787 A.2d 1158 (R.I. 2001), which stated that "the maintenance of state highways" is "an activity that a private individual typically would not perform," *id.* at 1167, plaintiff responded that the Court had not spoken "specifically on the issue of potholes[.]" The trial justice pressed, "But if the pothole requires maintenance of a state highway, the pothole is maintenance." The plaintiff responded, "That is correct, but potholes are very, very numerous."

We are of the opinion that repairing potholes, no matter how numerous they may be, is part and parcel of the state's responsibility for roadway maintenance and falls squarely within the protections of the public duty doctrine. The state's reasonable decisions about repairing potholes, like many other aspects of road maintenance and construction, are subject to time and resources, as well as

consideration of engineering standards and the effect on traffic volume. *See Catri*, 609 A.2d at 968 (noting that the state requires "sufficient time necessary to implement" its discretionary decisions). Accordingly, the state's failure to repair a pothole in this case is precisely the type of discretionary governmental activity that is shielded from tort liability under the public duty doctrine.

We next consider whether pothole repair on a state roadway is an activity normally performed by private citizens. In reliance on *O'Brien v. State*, 555 A.2d 334 (R.I. 1989), plaintiff asserts that the state acts as a private landowner when it repairs potholes on public roadways (or fails to do so), because private individuals maintain private roadways. This analogy is unavailing. In *O'Brien*, the plaintiff tripped over a horseshoe stake embedded in the grass at a state park and commenced a negligence action against the state. *O'Brien*, 555 A.2d at 335.[6] The Court reasoned that operating a public park is an activity in which a private person or corporation might well engage, and, therefore, the state was acting as a private person and had a duty to maintain the property in a reasonably safe condition. *Id.*

---

[6] The case of *O'Brien v. State*, 555 A.2d 334 (R.I. 1989), arose before the General Assembly amended Rhode Island's Recreational Use Statute, G.L. 1956 chapter 6 of title 32, to shield the state from negligently maintaining its public parks. *See* § 32-6-2(3), as amended by P.L. 1996, ch. 234, § 1 ("'Owner' means the private-owner possessor of a fee interest, or tenant, lessee, occupant, or person in control of the premises, *including the state and municipalities*[.]" (emphasis added)).

at 338. However, we noted that liability hinged on whether the conduct in question "is an activity that a private person or corporation would be likely to carry out." *Id.*

In cases where the public duty doctrine arises, "the government or its agent was engaged in an activity inherently incapable of being performed by private individuals." *Catone*, 555 A.2d at 333. Here, although private individuals may be charged with repairing roadways on private property, private individuals do not build, repair, or maintain public roads. In fact, the Rhode Island Department of Transportation is statutorily charged with an affirmative duty to maintain roads. *See, e.g.*, G.L. 1956 § 37-5-2(a) ("The department shall maintain and construct highways, roads[.]"). Furthermore, we have declared that the "construction and maintenance of public highways are typically not performed by private individuals." *DeFusco*, 683 A.2d at 365; *see also Longtin v. D'Ambra Construction Company, Inc.*, 588 A.2d 1044, 1046 (R.I. 1991) ("When the state engages in an activity that a private individual typically would not perform, such as the maintenance of state highways[,] * * * the public duty doctrine will shield the state from liability."). Accordingly, pothole repair on a state roadway is not an activity capable of being performed by a private individual.

We therefore continue to immunize the state for harm resulting from the non-egregious failure to perform governmental activities, because "[t]he state would be unable to function if liability was imposed each time an individual was

deleteriously affected by such activities." *Catone*, 555 A.2d at 333.  We affirm the trial justice's grant of summary judgment in favor of the state.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.  The papers in this case may be returned to the Superior Court.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Yvon Georges v. State of Rhode Island et al. |
| **Case Number** | No. 2019-219-Appeal. <br> (KC 14-355) |
| **Date Opinion Filed** | May 11, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Michael S. Pezzullo, Esq. <br><br> For State: <br><br> Michael W. Field <br> Department of Attorney General <br><br> Sean P. Malloy <br> Department of Attorney General <br><br> Sean Lyness <br> Department of Attorney General |